Matthew G. Bennett
FOLEY FREEMAN, PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Phone:   208.888.9111
Fax:     208.888.5130
Idaho State Bar No. 9499
E-mail: mbennett@foleyfreeman.com

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| In re: | Case No. 22-00145-NGH |
|---|---|
| **CHAD JAMES CHRISTENSEN and KATHERINE HILL CHRISTENSEN,** | Chapter 7 |
| Debtors. | **MOTION TO COMPEL CONCLUSION OF 341 MEETING** |

COMES NOW the Debtors, Chad J. Christensen and Katherine H. Christensen, by and through their attorney of record, Matthew G. Bennett of Foley Freeman, PLLC, and hereby moves this Court for an Order Compelling the Conclusion of the 341 Meeting based on the following:

## FACTS

1. On April 15, 2022, Debtors filed their chapter 7 bankruptcy petition.

2. On May 19, 2022, Debtors attended the originally scheduled 341 creditor meeting and answered questions under oath.

3. On June 15, 2022, Debtors attended the first continued creditor meeting and answered questions under oath. The creditor meeting was conducted by phone and lasted from 10:00 a.m. until 5:00 p.m. with several breaks.

4.  On July 19, 2022, Debtors attended the second continued creditor meeting and answered questions under oath. The creditor meeting was conducted in person and lasted from 10:00 a.m. until 5:00 p.m. with several breaks.

5.  On July 21, 2022, the Trustee filed minutes indicating that a third continued creditor meeting would take place on September 1, 2022 at 10:00 a.m.

6.  During the various meetings and afterwards, the Trustee has requested that the Debtors provide certain documentation, which the Debtors have provided to the best of their ability.

7.  Because of the sheer volume of information that was being requested, counsel for the Debtors requested that the Trustee provide a list of the documentation being requested.

8.  Attached hereto as **Exhibit A** is the list the Trustee provided on May 19, 2022.

9.  Attached hereto as **Exhibit B** is the list the Trustee provided on June 28, 2022.

10. Attached hereto as **Exhibit C** is the list the Trustee provided on August 2, 2022.

11. The Debtors provided have provided the requested documentation to the best of their ability following each of the continued creditor meetings.

12. Attached hereto as **Exhibit D** is the Debtors' explanation regarding the latest list of requested documents.

## CASE LAW

13. The purpose of a creditor meeting is to question the Debtor about their assets and debts and to examine the Debtors about their claimed exemptions. *Smith v. Kennedy*, 253 F.3d 472, 478 (9th Cir. 2000). Where additional information is needed, a creditor meeting may be continued to a later date. *Id.* While there is no limit on the number of adjournments, "the Supreme Court has emphasized a concern with keeping the bankruptcy process moving by insisting on firm, explicit deadlines." *Id.*

**MOTION TO COMPEL CONCLUSION OF 341 MEETING - 2**

14. In this case, the creditor meeting has been continued three separate times. The last two creditor meetings lasted almost an entire day. Further, many of the questions being asked of the Debtors by creditors concerns the dischargeability of debts and not their assets, liabilities, or claimed exemptions.

15. The Debtors have diligently worked to provide any information requested by the Trustee following the conclusion of each creditor meeting. The sheer volume of the information requested has been time consuming and disruptive to the Debtors work. Some of the documents requested the Debtors simply do not have access to, or they have been unable to locate.

16. To date, the Debtors have provided over 9,000 pages of documents to the Trustee and have consented to the Trustee sharing that information with several creditors.

17. By the time the Debtors are examined a fourth time on September 1, 2022, the Debtors will have missed three days of work.

18. This bankruptcy case was filed on April 15, 2022, and the creditor meeting has not been concluded. As a result, there are deadlines that have been indefinitely continued. To allow for the creditor meeting to be continued further would deviate from the Supreme Court's desire to keep the bankruptcy process moving with firm, explicit deadlines.

19. Therefore, the Debtors respectfully request that the Court compel closure of the 341 meeting to allow the bankruptcy process to move forward.

DATED this 18th day of August, 2022

FOLEY FREEMAN, PLLC

/s/ Matthew G. Bennett
Matthew G. Bennett
Attorney for Debtors

**MOTION TO COMPEL CONCLUSION OF 341 MEETING - 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of August, 2022 by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>ustp.region18.bs.ecf@usdoj.gov | _X_ | CM/ECF Notice |
| Timothy R. Kurtz<br>Chapter 7 Trustee<br>trk@kurtztrustee.com | _X_ | CM/ECF Notice |
| Matthew T. Christensen<br>Johnson May<br>mtc@johnsonmaylaw.com | _X_ | CM/ECF Notice |
| Jed W. Manwaring<br>Evans Keane, LLP<br>jmanwaring@evanskeane.com | _X_ | CM/ECF Notice |
| Brent R. Wilson<br>Hawley Troxell Ennis & Hawley LLP<br>bwilson@hawleytroxell.com | _X_ | CM/ECF Notice |

/s/ Matthew G. Bennett
Matthew G. Bennett

**MOTION TO COMPEL CONCLUSION OF 341 MEETING - 4**

**953 S. Industry Way**
**Meridian, ID 83642**
**Phone: 208-888-9111**
**Fax: 208-888-5130**
**Website: www.foleyfreeman.com**

CONFIDENTIALITY NOTICE: The preceding message (including attachment, if any) is covered by the Electronic Communication Privacy Act, 18 U.S.C. sections 2510-2521, is CONFIDENTIAL, and may also be protected by the ATTORNEY/CLIENT OR OTHER PRIVILEGE. If you believe that this message has been sent to you in error, do not read any further portion of the message other than the remainder of this notice, please reply to the sender that you have received the message in error, and delete the message. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. We do not waive any attorney/client or work product privilege by the transmission of this message.

**From:** Tim Kurtz <trk@kurtztrustee.com>
**Sent:** Thursday, May 19, 2022 7:57 AM
**To:** Matthew Bennett <MBennett@foleyfreeman.com>; Matthew Christensen <MTC@johnsonmaylaw.com>
**Subject:** 22-00145 - Christensen

Mr. Bennett,

Below is a list of documents and information that I am requesting to have provided to me by no later than June 1, 2022, prior to the continued 341 meeting on June 15, 2022 at 10am MT.   Please update me on the production of these documents and timing of providing everything.

A.  All Loan Applications prepared or submitted in the past 4 years to any third party including, without limitation, applications submitted to:

      1.    Idaho Central Credit Union;

      2.    Kimberland Investments, LLC:

      3.    Wayne Christensen;

      4.    US Bank;

      5.    Glacier Bank;

      6.    Mountain West Bank;

      7.    Lincoln Automotive Financing (2018 Ford F-150);

      8.    Idaho Central Credit Union (2021 Subaru Crosstrek); and

      9.    Ford Credit.

B.   All documentation including, without limitation, loan agreements, notes, deeds of trust, payment histories, statements, substantiating or otherwise evidencing all loans taken out in the last 4 years including, without limitation, loans from:

      1.    Wayne Christensen;

**EXHIBIT A**

  2. Kimberland Investments, LLC;

  3. Idaho Central Credit Union;

  4. US Bank; and

  5. Glacier Bank.

C. Statements of all bank accounts in one or both of your names for the past 4 years including, without limitation, those accounts maintained by:

  1. Glacier Bank;

  2. Mountain West Bank;

  3. Idaho Central Credit Union; and

  4. Accounts held in the LLC's name.

D. All statements for retirement accounts maintained at any point during the past 4 years including, without limitation, all accounts maintained by Raymond James (retirement, IRA, Roth, 401(k), etc.) for past 4 years.

E. All statements for "investment" accounts maintained at any point during the past 4 years including, without limitation, all such accounts maintained by Raymond James for past 4 years.

F. All statements relating to credit card accounts maintained at any point during the past 4 years including, without limitation, those accounts with:

  1. Marriott Bonvoy;

  2. Chase Sapphire;

  3. Chase (x 4);

  4. Costco Anywhere Visa;

  5. Capital One (Kohls);

  6. Synchrony Bank (Lowes and TJ Maxx); and

  7. Target.

G. Federal and State Tax Returns for the past 4 years (2 years automatic).

  1. Who prepared the tax statements?

H. All documentation including, without limitation, all estimates,

proposals, contracts, invoices, statements, payment histories, and vendor profiles substantiating or otherwise evidencing all amounts paid, in the 90 days prior to filing your petitions, to the following:

1. Western Idaho Cabinets;

2. CJ Siding LLC;

3. All Shades of Painting;

4. Builders First Source;

5. CNA Construction;

6. Marriott Bonvoy; and

7. Chase Sapphire.

I. All documentation including, without limitation, all retention agreements, retainer agreements, representation agreements, engagement letters, contracts, invoices or other documents detailing the materials or services provided, statements, payment histories, and vendor profiles substantiating or otherwise evidencing all amounts paid, in the 90 days prior to filing your petitions, to the following: All executory contracts including, without limitation, those entered into by the debtors dba Christensen Homes and Christensen Homes, LLC.

1. Givens Pursley LLP; and

2. The Vertex Co., Inc.

J. All executory contracts entered into with third parties including, without limitation, those entered into by the:

1. Debtors "dba Christensen Homes;" and

2. "Christensen Homes, LLC."

Regards,

Timothy R. Kurtz
Chapter 7 Bankruptcy Trustee
P.O. Box 956
Boise, Idaho 83702
Main:  (208) 287-8125
Fax:    (208) 287-8130

This e-mail message from Timothy R. Kurtz, Chapter 7 Trustee, and is intended only for named recipients.  It contains information that may be confidential, privileged, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or

are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. Please notify us immediately if you have received this message in error, and delete the message.

**Additional Documents Requested at 341 Meeting on June 15, 2022**

**Supplement the Requests that were made previously, as follows:**

A.  All Loan Applications prepared or submitted in the past 4 years to any third party including, without limitation, applications submitted to:

    1.    Idaho Central Credit Union;

    2.    Kimberland Investments, LLC:

    3.    Wayne Christensen;

    4.    US Bank;

    5.    Glacier Bank;

    6.    Mountain West Bank;

    7.    Lincoln Automotive Financing (2018 Ford F-150);

    8.    Idaho Central Credit Union (2021 Subaru Crosstrek); and

    9.    Ford Credit.

B.    All documentation including, without limitation, loan agreements, notes, deeds of trust, payment histories, statements, substantiating or otherwise evidencing all loans taken out in the last 4 years including, without limitation, loans from:

    1.    Wayne Christensen;

    2.    Kimberland Investments, LLC;

    3.    Idaho Central Credit Union;

    4.    US Bank; and

    5.    Glacier Bank.

C.    Statements of all bank accounts in one or both of your names for the past 4 years including, without limitation, those accounts maintained by:

    1.    Glacier Bank;

    2.    Mountain West Bank;

    3.    Idaho Central Credit Union; and

    4.    Accounts held in the LLC's name.

**EXHIBIT B**

D.      All statements for retirement accounts maintained at any point during the past 4 years including, without limitation, all accounts maintained by Raymond James (retirement, IRA, Roth, 401(k), etc.) for past 4 years.

E.      All statements for "investment" accounts maintained at any point during the past 4 years including, without limitation, all such accounts maintained by Raymond James for past 4 years.

F.      All statements relating to credit card accounts maintained at any point during the past 4 years including, without limitation, those accounts with:

    1.    Marriott Bonvoy;

    2.    Chase Sapphire;

    3.    Chase (x 4);

    4.    Costco Anywhere Visa;

    5.    Capital One (Kohls);

    6.    Synchrony Bank (Lowes and TJ Maxx); and

    7.    Target.

G.      Federal and State Tax Returns for the past 4 years (2 years automatic).

    1.    Who prepared the tax statements?

H.      All documentation including, without limitation, all estimates, proposals, contracts, invoices, statements, payment histories, and vendor profiles substantiating or otherwise evidencing all amounts paid, in the 90 days prior to filing your petitions, to the following:

    1.    Western Idaho Cabinets;

    2.    CJ Siding LLC;

    3.    All Shades of Painting;

    4.    Builders First Source;

    5.    CNA Construction;

    6.    Marriott Bonvoy; and

    7.    Chase Sapphire.

I.      All documentation including, without limitation, all retention agreements, retainer agreements, representation agreements, engagement letters, contracts, invoices or other documents detailing the materials or services provided, statements, payment histories, and

vendor profiles substantiating or otherwise evidencing all amounts paid, in the 90 days prior to filing your petitions, to the following: All executory contracts including, without limitation, those entered into by the debtors dba Christensen Homes and Christensen Homes, LLC.

       1.      Givens Pursley LLP; and

       2.      The Vertex Co., Inc.

J.      All executory contracts entered into with third parties including, without limitation, those entered into by the:

       1.      Debtors "dba Christensen Homes;" and

       2.      "Christensen Homes, LLC."

**Additional Requests:**

1. You need to amend your schedules to reflect the changes noted by the debtors.
   - Home owned vs a rental
   - Cilleys Judgment
2. Security deposit of $3,300 paid to the landlord Brad and Alaina Stewart – landlord's information – phone number and address.  I need them to send me the security deposit and an explanation of any amounts deducted from the security deposit ASAP.
3. All business and personal credit cards and credit card statements for the last 4 years. The debtors disclosed an American Express with Lowes, for example.
4. Pictures of all of the vehicles, trailers, etc….inside and outside, proof of registration.
5. All documents related to the ICCU loan for the Beartooth real property, including any and all documents prepared by ICCU or you in regard to the development of the Beartooth real property – budgets, loan documentation, cost breakdowns and plans provided, receipts, invoices, etc…..and any other documents relevant to the development of this property.
6. Statements regarding Wayne Christensen's credit cards – amounts the debtors paid their father's credit cards – testified that he paid his credit cards 8-9x.  I need the debtor to identify what payments paid his father's credit card accounts.  He testified that he made payments by bill pay – DBA account.   One example is there is an October 2021 payment of $28,826.63 made.  He said he was looking at a statement disclosing that payment – provide the statement.   In summary, copies of everything paid from 2018 to present.
7. Full accounting of what the debtors have paid for his kids' college educations – tuition payments, other bills paid to BYU Idaho, as well as what he has paid his children directly since they began attending college.
8. Gifts debtors have paid to their children in the last 2 years.
9. Judd Agreement and all documents related to how and why $7,000 is still owed to the debtor, including documentation related to the settlement he has and documentation

      proving the amounts due.  YOU also need to provide Judd's contact information – phone number and address.

10. All books and records regarding the bank draw process and all spreadsheets with ICCU, US Bank, and One Trust Home Loan, for all projects.
11. Any and all quickbooks files the debtors have maintained for Christensen Homes DBA and Christensen Homes, LLC
12. All information regarding the Christensen Family Trust, The Christensen Family Revocable Trust, and the Wayne Lloyd Christensen and Frances Kay Christensen A B Living Trust
13. Legible copies of all documents related Beartooth property, including but not limited to all correspondence, emails, etc….with ICCU and other related parties, subcontractors, etc…executory contracts with Tyler Hess, Hess Properties, and Silverline Systems, and legible copies of loans with Wayne Christensen, including proof of funds received and what the money was spent on.
14. All information related to the Ridgeline lot – where it is located, documentation related to the purchase of the lot and timing of when the lot can be transferred, etc….


I may be requesting additional information this week, but I will let you know during the week.

**Documents Requested 07-19-2022 341 Meeting**
*the LLC referred to herein is Christensen Homes LLC*
*the DBA referred to herein is Christensen Homes*

1. Loan applications
    a. Repeat request for all loan applications prepared or submitted to ICCU including, without limitation, to auto loan applications submitted to ICCU.
    b. Repeat request for all loan applications prepared or submitted to Kimberland Investments and/or Kenneth Christensen including, without limitation, any informal requests for money and/or property such as text messages and/or emails
    c. Repeat request for all loan applications or requests for loans prepared or submitted to Wayne Christensen and/or the Christensen Family Trust including, without limitation, informal requests for money and/or property such as text messages and/or emails.
    d. Request for all documentation related to applications submitted by Christensen Homes DBA and/or Christensen Homes LLC to serve as a home builder and steward of funds for all construction loans by any bank including without limitation to loans serviced by US Bank including, without limitation, to the Abel project, the Dali project and the Judd project.

2. Loan Documents
    a. Repeat request for all loan agreements, notes, deeds of trust, payment histories and statements **INCLUDING proof of funds received** (copies of deposit slips, cancelled checks, etc.) and any email or text messages related to all loans in the past 4 years from Wayne Christensen.
    b. Repeat request for all loan agreements, notes, deeds of trust, payment histories and statements substantiating or otherwise evidencing all loans in the past 4 years from Kimberland Investments including, without limitation, loans in relation to 3295 S. Brandenberg Ave and 3245 S. Brandenberg Ave.

3. Bank Accounts
    a. Repeat request for all statements of all bank accounts in one or both of your names in the past 4 years including, without limitation, deposit slips and canceled checks evidencing funds deposited into these bank accounts.
    b. Identify all deposits into the DBA and/or LLC accounts, including the sources and uses of the funds and projects associated with the deposits.
    c. NOT ALL OF THE BANK STATEMENTS HAVE BEEN PROVIDED, as we do not have the statements through April 15, 2022 (Date of Filing). The Debtors need to go through all of these statements and identify what the transactions were for and which projects, if any, the transactions were for – sources and uses.

**EXHIBIT C**

4. Investment Accounts/Assets-First Security of Nevada Shares
    a. Repeat request for investment accounts including without limitation First Security of Nevada shares, maintained at any point during the past 4 years
    b. Debtors are to identify and describe in detail all Raymond James transactions including deposits, wire transfers, and withdrawals (sources and uses), from the date the account(s) were established through the date of filing bankruptcy, identifying the sources and uses of such funds, whether for the LLC, DBA or Debtors individually, as well as specific projects associated with such transfers.

5. Employee Expense Reports
    a. Request for all employee expense reports in the past 4 years
    b. Request all documents relating to worker's compensation coverage maintained by the DBA and/or the LLC

6. Credit Cards
    a. Repeat request for all credit card statements for the past 4 years including, without limitation, the Visa account ending in xxxx6626
    b. Request for the Debtors to review their bank account statements, including LLC bank account statements and identify the credit card being paid from bill payments to credit card companies
    c. Request for all Wayne Christensen credit card statements for all credit cards debtors utilized from April 1, 2019 through the date of filing, including but not limited to Wayne Christensen's Southwest xxx8306 and Merril Lynch xxx9443 accounts.  Debtors are to identify and notate the use of such funds.

7. Payments past 90 days
    a. Repeat request for all documentation, including without limitation, all estimates, proposals, contracts, invoices, statements, payment histories, and vendor profiles substantiating or otherwise evidencing all amounts paid to third parties in the 90 days prior to filing your petition, including payments made by both the DBA and by Christensen Homes, LLC, and accompanying documentation demonstrating whether these payments were paid on behalf of contracts with the DBA or Christensen Homes, LLC.  Provide information relating to all third parties including, without limitation, Thania's Residential Cleaning, Signature Roofing, Strangers Home Services, Myers Drywall/Joe Myers, Superior Floors, and Spiers Construction.

8. Executory and/or Executed Contracts

    a. Repeat request for all executory and/or executed contracts entered into by the Debtors, Christensen Homes (DBA), and/or Christensen Homes, LLC in the past 4 years, including Kate's contracts for real estate and/or design work.

9. Beartooth-ICCU Loan
   a. Repeat request for all documentation related to the Beartooth property including, without limitation, the contract between Christensen Homes LLC and the Debtors, any budgets, timelines, and/or all bank documents that Debtors, DBA, and/or the LLC have been provided by ICCU.
   b. Debtors stated at the most recent 341 meeting that any cost overruns for the Beartooth project would be the homeowners' obligation – identify what/which document(s) provide this and provide that/those document(s).

10. Newbury Court, Eagle, ID. 83616
    a. Requested proof of recorded deed of trust for the Newbury Court home, and proof of who recorded the deed of trust – Wayne Christensen or Debtor(s)?

11. Payments to children
    a. Repeat request for the Debtors to produce a full accounting of what the Debtors have paid for their children's college education including without limitation tuition payments, other bills paid to BYU Idaho, as well as any and all funds paid to the children directly since they began college.
    b. Repeat request for Debtors to produce any and all documentation related to gifts Debtors have paid to their children in the past 2 years.

12. Tyler Hess/Hess Properties/Silverline Systems
    a. Repeat request for all documents including all correspondence, emails, text messages and executory contracts entered into by the Debtors and/or Christensen Homes DBA and/or the LLC with Tyler Hess, Hess Properties, and/or Silverline Systems.

13. Ridgeland Estates
    a. Documents related to the Ridgeland Estate's purchase option

14. Requested proof of $191,000 loan repayment to Wayne Christensen, and what specifically the funds were paid back for, and an accounting of how the Debtors calculated the $191,000.

15. An accounting for the $320,000 note, including proof of the payment from Wayne Christensen, accounting of what the funds were used for, accounting of how the funds

were repaid, and the bank statements for the line of credit that was utilized by the Debtors, DBA, and/or LLC.

16. Requested Wayne Christensen lien of credit statements, and that Debtors identify all funds used by Debtors and the purpose for such funds, including specific projects the funds were utilized for. Debtors are to also identify amounts paid back to Wayne Christensen's lien of credit account(s) and the source of those payments. We need copies of the statements, and t he debtor needs to note on the statements the source and uses of the funds.

17. Abel lawsuit
    a. Request to produce any and all proof of payments on behalf of the Abel project after the sale of the Newbury home.

18. Requested proof of accounts receivable owed to Debtors, DBA, and/or LLC on the date of filing, including all documentation related to such receivable – for example, if the Debtors, DBA, and/or LLC issued invoices prior to the date of filing and those invoices remained unpaid, all of those amounts and supporting documentation is to be provided.

19. All documents relating to DBA projects and/or "change orders" on DBA projects that were "transferred over" to the LLC, and/or billed through the LLC (Perry and all others)

20. All documents showing amounts Christensen received in compensation or otherwise from the DBA and/or LLC for the past 4 years prior to filing to the present

21. All documents showing proof of cancellation regarding the Bingham project on "Giddy Up" in Meridian

22. A list of all 1099 contractors with the DBA and/or the LLC for the past 4 years prior to filing and through August 1, 2022.

23. All documents showing and related to payments to individuals with the last name of "Kofoed," and an explanation of what these payments are for.

24. A list of all creditors to current that owe money to the LLC and that are owed money by the LLC, including but not limited to any subcontractors for the work on the Beartooth project, including invoices received from the subcontractors.

25. A list of all assets that are in storage unit(s) and confirmation that the Debtors only have (1) storage unit as per their listing on their schedules

26. All documents related to ICCU halting construction on the Debtors' property

27. A signature from Ryan Judd on a document confirming that all punch list items have been completed

28. All documents related to projects the LLC has (Marquardt, Thibault (Tee Bow), Bingham, Dali, etc.)

29. With respect to each deposit in to the DBA bank account(s) or the Christensen Homes LLC account(s), provide copies of the deposit slip/copy of each check deposited, the source of/draw relating to the funds being deposited, and all supporting documentation relating to the source/draw request.

30. All records relating to income earned and expenses paid on all projects (particularly Beartooth) including, without limitation, copies of canceled checks, deposit slips and checks deposited (particularly around the $75,000 transaction), draw request for the past 4 years

31. All documents relating to the purchase of the Beartooth Property including all correspondence, contracts, and/or other documents provided to the bank to obtain financing, etc.

32. All documentation related to the purchase of gold, silver, and/or precious metals including, without limitation, any/all transactions with APMEX, and APMEX order history, tracking information, proof of payment and current location of these assets

33. All documentation related to safe deposit boxes at any bank in or outside of the United States

34. All documentation related to all jewelry purchases, including without limitation, all transactions from Tiffany and Co for the prior 4 years prior to filing bankruptcy

35. All documentation related to homeowners insurance, rental insurance, and/or jewelry insurance policies, including any scheduled assets, and including copies of all insurance policies and riders to those policies, which the Debtors held on the petition date.

36. All documentation submitted to the State of Idaho Department of Health and Welfare in relation to any determination relating to insurance or other public assistance received over the past four years.

37. Repeated request for all estimates, proposals, contracts, invoices, statements, payment histories, proof of payments, and vendor profiles substantiating or otherwise evidencing the amounts paid to:
    a. Silverbrook Construction and/or Matt Christensen, the Debtor's brother
    b. CNA Construction
    c. All Shades Painting
    d. Western Idaho Cabinets

**Christensen Response to Document Requests**

1. Debtors have produced everything that they have been able to locate
2. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> Debtors have produced all items that they have been able to locate. They do not have a loan agreement on 3295 Brandenberg or 3245 Brandenberg. Debtors recall a deed of trust that was paid off in 2018, but they do not have records of it.
3. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> To the best of Debtors ability, these bank records have been provided. Annotations were added pursuant to the latest request.
4. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> Debtors have produced all items that they have been able to locate.
5. Debtors do not have employees and therefore have no workers compensation coverage
6. 
    a. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> Debtors have provided all information that they were able to locate in the original request. The card number does not belong to the Debtor
    b. Annotations were added pursuant to the latest request.
    c. Wayne Christensen has hired an attorney and any information from Wayne Christensen must now be requested from him. The Debtor no longer has access to it.
7. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> Debtors have produced all items that they have been able to locate.
8. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> Debtors have produced all items that they have been able to locate.
9. 
    a. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> Debtors have produced all items that they have been able to from the original request. ICCU did not ask for a Contract
    b. Debtors are either unable to locate any such documentation or are unaware of any such documentation.
10. Debtors have produced all items that they have been able to locate. Debtors are unaware of any documentation showing who recorded the deed of trust.
11. Debtors have produced all items that they have been able to locate.
12. <u>Note. This is not a repeat request. There have been additional items added to this request that were not originally requested by the Trustee.</u> Debtors have produced all items that they have been able to locate.
13. None in Debtors' possession. Debtors have requested these documents, but they have not yet been provided to them
14. Please see latest set of documents.

**EXHIBIT D**

15. Please see latest set of documents.
16. Wayne Christensen has hired an attorney and any information from Wayne Christensen must now be requested from him.  The Debtor no longer has access to it.
17. Please see latest set of documents.
18. Please see latest set of documents.
19. Please see latest set of documents.
20. Please see latest set of documents.
21. Debtors are unaware of any such documents.
22. Please see latest set of documents.
23. Debtors are unaware of other documents apart from the checks that have already been provided
24. Please see latest set of documents.
25. Please see latest set of documents.
26. Debtors do not have any documents concerning ICCU stopping their lending.  It was recently communicated to counsel that ICCU would no longer be willing to enter into a reaffirmation agreement.
27. Debtors have produced all items that they have been able to locate.
28. Please see latest set of documents.
29. This appears to be a duplicate request of 3(a).  Please see latest set of documents.
30. Please see latest set of documents.
31. Debtors have produced all items that they have been able to locate.
32. Debtors have produced all items that they have been able to locate.
33. Debtors have produced all items that they have been able to locate.
34. Please see latest set of documents.
35. Please see latest set of documents.
36. Debtors have produced all items that they have been able to locate.
37. <u>Note.  This is not a repeat request.  There have been additional items added to this request that were not originally requested by the Trustee.</u>  Debtors have produced all items that they have been able to locate.