Matthew T. Christensen, ISB: 7213
Janine P. Reynard, ISB: 6030
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile:  (208) 629-0157
Email: mtc@johnsonmaylaw.com
         jpr@johnsonmaylaw.com

Attorneys for Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| In re: | Case No. 22-00145-NGH |
|---|---|
| CHAD JAMES CHRISTENSEN and KATHERINE HILL CHRISTENSEN, | TRUSTEE'S OBJECTION TO EXEMPTIONS |
| Debtors. | |

**TO:   THE ABOVE-NAMED COURT, THE DEBTORS AND THEIR COUNSEL OF RECORD:**

YOU ARE HEREBY NOTIFIED that the Trustee of the above-referenced bankruptcy estate, by and through his attorney of record, JOHNSON MAY, hereby objects to certain exemptions claimed by the Debtors, Chad James Christensen and Katherine Hill Christensen ("Debtors"), pursuant to Federal Rule of Bankruptcy Procedure 4003(b)(1) and Local Bankruptcy Rule 4003.1, as more fully set forth below.

### BASIS FOR OBJECTION

1. Debtors listed a community property interest in land located at 23785 Beartooth, Caldwell, Idaho 83607 ("Beartooth Property"), with a value of $170,000, and claimed a homestead exemption in the Beartooth Property, pursuant to Idaho Code § 55-1003, in the amount of

TRUSTEE'S OBJECTION TO EXEMPTIONS – Page 1

$170,000. *See* Docket No. 1, pp. 10 & 21. <u>Trustee objects to Debtors' claimed homestead exemption in the Beartooth Property in the amount of $**170,000**</u>.

Bankruptcy Code § 522(o)(4) expressly provides that a debtor's claimed homestead:

> shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

11 U.S.C. § 522(o)(4). Based upon the Debtors' testimony at the 341 creditors' meeting, in January 2022, Debtors used $**170,000** in non-exempt funds in their possession to purchase the Beartooth Property so that they could claim a homestead exemption. Debtors testified that they purposely did this after they were involved in litigation with creditors and wanted to preserve the exemption so they could build their house. *See In re Warlock*, (Bankr. D. Idaho 2020); *In re Halinga*, 2013 WL 6199152 (Bankr. D. Idaho 2013). At the time Debtors used the non-exempt funds to pay for the Beartooth Property, they were actively engaged in two lawsuits with their creditors. Additionally, the Trustee is informed and believes that the Debtors were contemplating bankruptcy when they purchased the Beartooth Property since they had already spoken with their current bankruptcy counsel. Thus, Debtors conversion of non-exempt funds to create a claim for an exempt homestead asset less than 3 months before their bankruptcy filing was done with the intent to hinder, delay, or defraud creditors. Debtors' homestead exemption should be disallowed.

2. Debtors listed a Raymond James IRA account ("IRA Account R740") with a value of $92,580.93, and claimed an exemption in that account as a retirement account, pursuant to Idaho Code § 11-604A, in the amount of $92,580.93. *See* Docket No. 1, pp. 15 & 23. <u>Trustee objects to Debtors' claimed exemption in IRA Account R740 in an amount no less than $70,000</u>.

Trustee contends that the Debtors' claimed exemption in IRA Account R740 is improper because Debtors contributed excessive non-exempt cash prepetition into the retirement account prior to bankruptcy filing in an effort to delay, hinder and defraud their creditors. More specifically, Debtors transferred $70,000 in non-exempt funds into IRA Account R740 in October 2022. As noted above, this was done at a time when the Debtors were actively engaged in contentious litigation with their creditors. This was done at a time when Debtors were also transferring significant sums of money to their children and Debtor's father. *See* Docket No. 1, Statement of Financial Affairs, p. 47 q. 13 ($30,000 transferred to Conner Christensen, Emalia Christensen and Callie Christensen); Docket No. 47 Amended Statement of Financial Affairs, p. 5 q. 8 ($75,000 paid to Wayne Christensen).

Moreover, Idaho Code § 11-604A ("retirement exemption") protects funds invested in qualified retirement accounts. When an account is not exempt "from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986[,]" it does not qualify for an exemption under Idaho Code § 11-604A. *See* 11 U.S.C. § 522(b)(3)(C). *See In re Smith*, Case No. 16-00990-JDP, Memorandum Decision, at *12-15 (Bankr. D. Idaho May 12, 2017). Trustee is informed and believes that the contributions Debtors made to IRA Account R740 exceeded the maximum allowable for tax purposes, thus any contributions made in violation of the Internal Revenue Code are not protected by the retirement exemption. Debtors' exemption in IRA Account R740 should be disallowed in an amount no less than $70,000.

3.    In Amended Schedules filed on July 18, 2022, Debtors disclosed "construction contracts not under LLC" with an "unknown" value and claimed a disposable earnings exemption in 75% of the construction business receivables, pursuant to Idaho Code § 11-207. *See* Docket No. 46, pp. 4 & 6. <u>Trustee objects to Debtors' claimed exemption in "construction contracts not under LLC."</u>

TRUSTEE'S OBJECTION TO EXEMPTIONS – Page 3

Idaho Code § 11-207 (the "garnishment exemption") protects seventy-five percent (75%) of an individual's "disposable earnings" from work (or the amount by which the disposable earnings exceeds thirty times the federal minimum hourly wage in effect at the time the earnings are payable). Idaho Code § 11-206 defines "earnings" as "compensation paid or payable for personal services[.]" The Trustee is of the information and belief that the contract receivables are not attributable to personal services specifically rendered by either of the Debtors and, thus, are not protected by the earnings exemption under Idaho Code § 11-207. *See In re Atkinson*, 258 B.R. 769 (Bankr. D. Idaho 2001) (cited in *In re Lott*, 2018 WL 3528399, at *6 (Bankr. D. Idaho)); *see also In re DeBoer*, 993 I.B.C.R. 101, 103-04 (Bankr. D. Idaho 1999). Debtors' exemption in the contract receivables should be disallowed.

## **CONCLUSION**

Based on these and other facts to be proven at a hearing on this Objection, the Trustee contends that the exemptions claimed by the Debtors, as described above, are not protected by the statutory provisions relied upon by the Debtors. The Trustee further contends that the exemptions claimed were done so in bad faith, in a further attempt to defraud Debtors' creditors.

DATED this 21st day of September, 2022.

/s/ Matt Christensen
Matthew T. Christensen
Counsel for the Trustee

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of September, 2022, I filed the foregoing TRUSTEE'S OBJECTION TO EXEMPTIONS electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Matthew G. Bennett | mbennett@foleyfreeman.com |
| Timothy R. Kurtz | trk@kurtztrustee.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |

Any others as listed on the Court's ECF Notice.

I further certify that on the 22nd day of September, 2022, I caused to be mailed via the United States Postal Service the foregoing document to the following non-CM/ECF Registered Participant(s) either listed below or on the attached list.

Chad James Christensen
Katherine Hill Christensen
994 Magic Mill Avenue
Middleton, ID 83644

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Jefferson Capital Systems, LLC
PO Box 7999
St. Cloud, MN 56302-9617

/s/ Matt Christensen
Matthew T. Christensen