Matthew G. Bennett
FOLEY FREEMAN, PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Phone:   208.888.9111
Fax:     208.888.5130
Idaho State Bar No. 9499
E-mail: mbennett@foleyfreeman.com

Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>**CHAD JAMES CHRISTENSEN and KATHERINE HILL CHRISTENSEN,**<br><br>Debtors. | Case No. 22-00145-NGH<br><br>Chapter 7<br><br>**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS** |

COMES NOW the Debtors, Chad J. Christensen and Katherine H. Christensen, by and through their attorney of record, Matthew G. Bennett of Foley Freeman, PLLC, and hereby responds to the Trustee's Objection to Claim of Exemption (Docket No. 72) filed on September 21, 2022, as follows:

1. The Debtors filed for bankruptcy on April 15, 2022. Their first meeting of creditors was scheduled for May 19, 2022, at 9:00 a.m. The Debtors appeared at that meeting, and it was continued to June 15, 2022, at 10:00 a.m. The Debtors appeared at that the second meeting and it was continued to July 19, 2022, at 10:00 a.m. The Debtors appeared at that third meeting, and it was continued to September 1, 2022, at 10:00 a.m.

2. The Trustee filed an objection on September 21, 2022 to Debtor's exemptions in three (3) assets including Debtor's homestead exemption in land located at 23785 Beartooth

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS - 1**

Way, Caldwell, Idaho 83607 ("Beartooth Property"), Debtors' claimed exemption in IRA Account R740, and Debtors' claimed exemption in "construction contracts not under LLC."

3. The exemptions should be liberally construed: "exemption statutes are to be liberally construed in favor of the debtor." *In re Kline*, 350 Br. 497 (Bankr. D. Idaho 2005).

4. Further, "debtors may maximize their exemptions, even when they do so shortly before the filing of a bankruptcy petition." *In re Thomas,* 477 B.R. 778, 782 (Bankr. D. Idaho 2012).

5. The first of Trustee's objections is based on the claim that "Debtors conversion of non-exempt funds to create a claim for an exempt homestead asset less than 3 months before their bankruptcy filing was done with the intent to hinder, delay, or defraud creditors." Trustee refers to 11 U.S.C. § 522(o).

6. "To prevail under § 522(o), the Trustee must establish: (1) the value of the debtor's homestead exemption increased; (2) the increase can be attributed to debtor's disposition of nonexempt assets; (3) the debtor disposed of the nonexempt assets with the intent to hinder, delay, or defraud a creditor; and (4) the debtor disposed of the nonexempt property no more than ten years before the bankruptcy petition was filed." *In re Halinga,* 2013 WL 6199152 (Bankr. D. Idaho 2013) (citing *In re Stanton*, 457 B.R. 80, 91 (Bankr. D. Nev. 2011)).

7. Because Congress chose to use the same terminology of "with the intent to hinder, delay or defraud a creditor" in other Code sections, courts have looked to those sections when interpreting the term. *In re Halinga* (Bankr. D. Idaho 2013). U.S.C. § 727(a)(2) and § 548(a)(1) both use this terminology and require actual, not constructive, intent. *Id.*

8. To determine whether there is fraudulent intent, courts may look to so-called badges-of-fraud. "These badges include: 1) a close relationship between the transferor and the transferee; 2) that the transfer was in anticipation of a pending suit; 3) that the transferor Debtor

DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS - 2

was insolvent or in poor financial condition at the time; 4) that all or substantially all of the Debtor's property was transferred; 5) that the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and 6) that the Debtor received inadequate consideration for the transfer." *In re Walllwork*, (Bankr. D. Idaho 2020)(citing *In re Halinga*, (Bankr. D. Idaho 2013)).

9. It has also been held that "the Ninth Circuit allows debtors to engage in some forms of pre-bankruptcy planning and to protect assets by converting them from non-exempt to exempt." *JP Morgan Chase Bank, N.A. v. Ellison (In re Ellison),* 2016 Bankr. LEXIS 3475, at *42 (Bankr. C.D. Cal. Sep. 23, 2016)(quoting *Cooke v. Renshaw* (*In re Cooke*), No. CC-15-1037-KiTaKu, 2016 Bankr. LEXIS 2703 (B.A.P. 9th Cir. July 22, 2016)).

10. Idaho's exemption laws allow Debtors to claim a homestead exemption in the proceeds from the sale of a homestead for one (1) year from receipt. *McAllister v. Wells*, 2021 U.S. App. Lexis 35736 at *1-2 (9th Cir. 2021); *see* Idaho Code § 55-1008(1).

11. Here, the Debtors sold their primary residence located at 2471 W. Newbury Ct, Eagle, ID 83616 on March 8, 2021. The Debtors received approximately $871,722.15 from the sale. On March 10, 2021, the Debtors deposited $871,642.15 of the proceeds from the sale into their Raymond James account ending in 5246.

12. On February 18, 2021, the Debtors provided Hess Properties, LLC with a lot reservation in the amount of $16,900 for the purchase of a building lot on Beartooth Way in Caldwell, Idaho. On January 28, 2022, the Debtors completed the purchase of that building lot and paid an additional $153,758.17 and decided that is where they would build their new home.

13. On April 5, 2022, the Debtors filed and recorded a declaration of homestead for the property. A true and correct copy of that declaration of homestead is attached hereto as **Exhibit A.**

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS - 3**

14. When the Debtors sold their home on Newbury Court on March 8, 2021, the homestead portion ($175,000) of the proceeds from the sale of that property remained exempt in the Raymond James account, which the Debtors then used to purchase their new homestead on January 28, 2022.

15. Thus, Trustee is unable to establish that Debtors disposed of the nonexempt assets with the intent to hinder, delay, or defraud a creditor. No badges-of-fraud are applicable, and pre-bankruptcy planning does not indicate actual intent to hinder, delay, or defraud a creditor.

16. The second of Trustee's objections is that "the contributions Debtors made to IRA Account R740 exceeded the maximum allowable for tax purposes, thus any contributions made in violation of the Internal Revenue Code are not protected by the retirement exemption."

17. Debtors claimed an exemption in an SEP-IRA Account under Idaho Code § 11-604A, which provides an exemption in any plan described in "sections 401(a), 403(a), 403(b), 408, 408A or 457 of the Internal Revenue Code of 1986." The SEP-IRA contribution limits can be much higher than traditional IRAs.

18. Section 408 of the Internal Revenue Code provides that a debtor may exempt his or her interest in a qualified IRA. *In re Smith*, 570 B.R. 844, 850 (Bankr. D. Idaho 2017). Therefore, qualified contributions under 26 U.S.C. § 408 are exempt under Idaho Code § 11-604A. *Id.* This includes Simplified Employee Pension IRAs (SEP-IRA), which are defined in 26 U.S.C. § 408(k).

19. I.R.C. § 408(j) turns to I.R.C. § 415(c)(1)(a) to fix the maximum amount of income that an individual may deduct for tax purposes for contributions made to an SEP-IRA in each tax year. I.R.C. § 408(j) states "[i]n the case of any simplified employee pension, subsections (a)(1) and (b)(2) of this section shall be applied by increasing the amounts contained therein by the amount of the limitation in effect under section 415(c)(1)(A)."

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS - 4**

20. To this effect, the IRS has provided that the contributions a self-employed individual can make to their SEP-IRA cannot exceed the lesser of 25% of the individual's net earnings from self-employment, or $61,000 (for 2022).

21. Contributions to an SEP IRA may be made at any time up to the due date of the employer's return (including extensions). *See* U.S. Department of the Treasury. Internal Revenue Service. (2021). *Publication 560, Retirement Plans for Small Business*.

22. Here, the Debtors contributed $35,000 to their SEP IRA for the 2020 tax year on October 14, 2021, which is the same day that they filed their 2020 tax return. The Debtors then contributed an additional $35,000 to their SEP IRA for the 2021 tax year on October 19, 2021.

23. For the 2020 tax year, the Debtors had net earnings of $155,495. Twenty-five percent (25%) of the net earnings is a contribution limit of $38,873, and the Debtor's only contributed $35,000.

24. For the 2021 tax year, the Debtors had net earnings of $170,652. Twenty-five percent (25%) of the net earnings is a contribution limit of $42,663, and the Debtors only contributed $35,000.

25. Therefore, the $70,000 contributed to SEP-IRA Account R740 should be exempt under Idaho Code § 11-604A.

26. As stated above, actual intent must be proven to show a debtor made an effort to hinder, delay, or defraud creditors.

27. Trustee cannot prove actual intent because Debtors did not hinder, delay, or defraud creditors in contributing $70,000 to SEP-IRA Account R740.

28. The third of Trustee's objections is that "the contract receivables are not attributable to personal services specifically rendered by either of the Debtors and, thus, are not protected by the earnings exemption under Idaho Code § 11-207."

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS - 5**

29. Although the bankruptcy estate includes all of Debtors' legal and equitable interests in property at the time of filing, certain exceptions apply. "One such exception, commonly referred to as the postpetition earnings exception, is found in [11 U.S.C.] § 541(a)(6). It provides that while '[p]roceeds, product, offspring, rents, or profits of or from property of the estate' are estate property, 'earnings from services performed by an individual debtor after the commencement of the case' are not. In other words, proceeds or profits earned after the commencement of the case are generally not property of the estate" *In re Casper*, No. 19-41012-JMM (Bankr. D. Idaho 2021) (quoting 11 U.S.C. § 541(a)(6)).

30. In this case, Debtors' contract receivables are future interests in earnings that are to be performed by the Debtors after the filing of their bankruptcy petition. Thus, the contracts receivables are not part of the bankruptcy estate.

31. For the aforementioned reasons, Debtors request an evidentiary hearing on the aforementioned issues.

DATED this 7th day of November, 2022

FOLEY FREEMAN, PLLC

/s/ Matthew G. Bennett
Matthew G. Bennett
Attorney for Debtors

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS - 6**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of November, 2022, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>ustp.region18.bs.ecf@usdoj.gov | __X__ | CM/ECF Notice |
| Timothy R. Kurtz<br>Chapter 7 Trustee<br>trk@kurtztrustee.com | __X__ | CM/ECF Notice |
| Matthew T. Christensen<br>Johnson May<br>mtc@johnsonmaylaw.com | __X__ | CM/ECF Notice |
| Jed W. Manwaring<br>Evans Keane, LLP<br>jmanwaring@evanskeane.com | __X__ | CM/ECF Notice |
| Brent R. Wilson<br>Hawley Troxell Ennis & Hawley LLP<br>bwilson@hawleytroxell.com | __X__ | CM/ECF Notice |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 | __X__ | Mailed |
| Jefferson Capital Systems, LLC<br>PO Box 7999<br>St. Cloud, MN 56302-9617 | __X__ | Mailed |

/s/ Matthew G. Bennett
Matthew G. Bennett

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS - 7**

```
                                                          2022-018407
                                                            RECORDED
RECORDING REQUESTED BY AND                              04/05/2022 04:20 PM
WHEN RECORDED RETURN TO:                                  CHRIS YAMAMOTO
                                                      CANYON COUNTY RECORDER
Patrick J. Geile                                  Pgs=2 TYOUREN          $13.00
Foley Freeman, PLLC                               TYPE: HOMESTEAD
P.O. Box 10                                       FIRST AMERICAN TITLE INSURANCE
Meridian, ID 83680                                ELECTRONICALLY RECORDED
```

ELECTRONICALLY RECORDED - DO NOT REMOVE THE COUNTY STAMPED FIRST PAGE AS IT IS NOW INCORPORATED AS PART OF THE ORIGINAL DOCUMENT.

3874662C

(Space Above For Recorder's Use)

## DECLARATION OF HOMESTEAD

CHAD JAMES CHRISTENSEN and KATHERINE HILL CHRISTENSEN, being first sworn, declare and attest that the following are true:

1. We are the owners of a parcel of land in Canyon County. The legal description is:

    Lot 10 in Block 3 of TIMBER HILLS SUBDIVISION, according to the plat thereof, filed in Book 53 of Plats at Page 33, Records of Canyon County, Idaho.

2. We intend to reside at the property.

3. The estimated actual cash value of the parcel is $170,000.00.

4. We wish to declare this property as our homestead.

DATED this 5th day of April, 2022.

_____
CHAD JAMES CHRISTENSEN

STATE OF IDAHO  )
                ) ss.
COUNTY OF ADA   )

On this 5th day of April, 4/5/2022, before me, a notary public in and for said state, personally appeared CHAD JAMES CHRISTENSEN, known or identified to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.

TAMERA L HOVDE
COMMISSION #18311
NOTARY PUBLIC
STATE OF IDAHO
MY COMMISSION EXPIRES 12/02/2027

Notary Public for Idaho
Residing at: Meridian, ID
Commission Expires: _____

DECLARATION OF HOMESTEAD - 1

EXHIBIT A

DATED this 5th day of April, 2022.

KATHERINE HILL CHRISTENSEN

STATE OF IDAHO   )
                 ) ss.
COUNTY OF ADA    )

On this 5th day of April, 4/5/2022, before me, a notary public in and for said state, personally appeared KATHERINE HILL CHRISTENSEN, known or identified to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

Notary Public for Idaho
Residing at: Meridian, ID

TAMERA L HOVDE
COMMISSION #18311
NOTARY PUBLIC
STATE OF IDAHO
MY COMMISSION EXPIRES 12/02/2027

Commission Expires:_____

DECLARATION OF HOMESTEAD - 2